CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

FILED
LODGED  ENTERED
         RECEIVED
MAY 27 2005  MR
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                      DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CR05 5429RBL

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | INFORMATION |
| v. | |
| THOMAS L. BRANTLEY, JR. | |
| Defendant. | 05-CR-05429-INFO |

The United States Attorney charges that:

**COUNT 1**
**(Mail Fraud)**

I. **Introduction**

1. At all relevant times, the defendant, THOMAS L. BRANTLEY, JR., claimed to be eligible for unemployment insurance, when in truth and fact he was not.

2. At all relevant times, the State of Washington Employment Security Department (ESD), based in Olympia, Washington, administered the Unemployment Insurance program for the United States Department of Labor. Temporary Extended Unemployment Compensation and Extended Benefits provide extra weeks of federally-funded or federally supported unemployment benefits to unemployed workers who have exhausted their regular unemployment benefits.

3. Between November 2001 and July 2003, BRANTLEY caused ESD to send him eighty-seven (87) Washington State unemployment benefit checks through the United States mail, for a total of $32,919.00.

4. To receive each check, BRANTLEY had to first answer a series of questions, by telephone or the internet, on an electronic system used by ESD to screen and determine continued eligibility for ESD unemployment benefits.

5. Each time BRANTLEY used ESD's electronic screening system, the system warned him against making false and fraudulent statements. The warning specifically stated that "[i]f you provide information that you know is false or misleading, it is considered fraud and is punishable by law."

6. Each time BRANTLEY heard or saw the fraud warning (depending on whether he was using the phone or the internet), he responded "yes," he understood the warning.

7. The ESD electronic system also asked whether claimants like BRANTLEY had "applied for or received worker's or crime victims' compensation for the week you are claiming?" Those who received such benefits were ineligible to continue receiving unemployment benefits.

8. From August 2001 through July 2003, BRANTLEY in fact received 42 checks, once every two weeks, from Washington State for worker's compensation for an on-the-job-injury, for a total of $37,815.40.

9. From August 2001 through July 2003, despite repeated warnings against and about the commission of fraud, BRANTLEY nonetheless answered "no" whenever asked by ESD's electronic system whether he had applied for or was receiving worker's compensation benefits. Each and every false statement about worker's compensation benefits was material to ESD's determination of BRANTLEY's continued eligibility for ESD unemployment benefits.

II. **Scheme and Artifice to Defraud**

10. It was part of the scheme and artifice to defraud that BRANTLEY would and did apply for and obtain unemployment benefits from ESD.

11. It was further part of the scheme and artifice to defraud that BRANTLEY would and did apply for and obtain worker's compensation benefits during the same period in which he was receiving unemployment benefits from ESD.

12. It was further part of the scheme and artifice to defraud that BRANTLEY would and did falsely state and declare on the ESD telephonic information system that he had **not** applied for and was **not** receiving worker's compensation benefits.

13. It was further part of the scheme and artifice to defraud that BRANTLEY would and did make false statements to ESD to cause them to continue making payments to him for unemployment benefits.

14. It was further part of the scheme and artifice to defraud that BRANTLEY would and did cause ESD to mail his benefit checks to him, through the United States mails, to a P.O. Box or to an address in Snohomish, Washington.

15. In furtherance of the above-described scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, and promises, between November 11, 2001, and July 13, 2003, in the Western District of Washington and elsewhere, BRANTLEY did knowingly cause eighty-seven (87) checks, payable to THOMAS L. BRANTLEY, to be sent through the United States mail, the total proceeds on which amounted to $32,919.00.

III. **Mailings to Effect the Scheme and Artifice**

16. On or about November 4, 2001, in the Western District of Washington, and elsewhere, having devised the scheme and artifice described above, and for the purpose of executing the scheme and artifice to defraud and for obtaining money by means of false and fraudulent pretenses, and promises, BRANTLEY did knowingly cause to be sent by United States mail, a check for $478.00, payable to THOMAS L. BRANTLEY, from ESD.

1  All in violation of Title 18, United States Code, Section 1341.

2  DATED this __27th__ day of May, 2005.

*(signature)*

JOHN McKAY
United States Attorney

*(signature)*

DAVID REESE JENNINGS
Assistant United States Attorney

*(signature)*

SUSAN M. HARRISON
Assistant United States Attorney

AO 245B  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT
Western District of Washington

FILED
JUN 23 2006
BY WESTERN CLERK U.S. DISTRICT COURT
DISTRICT OF WASHINGTON AT TACOMA
DEP.

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| Thomas L. Brantley, Jr. | Case Number: CR05-5429RBL |
| | USM Number: 36164-086 |
| | Jerome Kuh |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 of an Information                                        Plea: 12/16/05

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC 1341 | Mail Fraud | July 31, 2003 | 1 |

The defendant is sentenced as provided in pages 2 through __5__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _____
Deputy Clerk

_____
Assistant United States Attorney

March 10, 2006
Date of Imposition of Judgment

_____
Signature of Judge

The Honorable Ronald Leighton
United States District Judge

June 23, 2006
Date

05-CR-05429-JGM

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page 2 of 6

DEFENDANT: Thomas L. Brantley, Jr.
CASE NUMBER: CR05-5429RBL

Probation

## ~~SUPERVISED RELEASE~~

Upon release from imprisonment, the defendant shall be on supervised release for a term of : __four__ years

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug and/or alcohol test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight valid tests per month, pursuant to 18 U.S.C. § 3563(a)(5) and 18 U.S.C. § 3583(d).

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
            Sheet 3C — Supervised Release

Judgment—Page **5** of **5**

DEFENDANT: Thomas L. Brantley, Jr.
CASE NUMBER: CR05-5429RBL

# SPECIAL CONDITIONS OF ~~SUPERVISION~~ Probation

The defendant shall abstain from the use of alcohol and/or all other intoxicants during the period of supervision and enter into alcohol treatment as directed by the supervising probation officer. Defendant must contribute towards the cost of any programs, to the extent defendant is financially able to do so, as determined by the U.S. Probation Officer.

Restitution in the amount of $32,919 is due immediately. Any unpaid amount is to be paid during the period of supervision in monthly installments of not less than 10% of his or her gross monthly household income. Interest on the restitution shall be waived.

The defendant shall provide his or her probation officer with access to any requested financial information including authorization to conduct credit checks and obtain copies of the defendant's Federal Income Tax Returns.

The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or obtaining a loan without approval of the defendant's U.S. Probation Officer.

The defendant shall participate in the home confinement program with electronic monitoring as directed by the probation officer for a period of 120 days. The defendant shall pay for costs of the program as directed by the probation officer.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
          Sheet 5 — Criminal Monetary Penalties

Judgment — Page 4 of 5

DEFENDANT: Thomas L. Brantley, Jr.
CASE NUMBER: CR05-5429RBL

# CRIMINAL MONETARY PENALTIES

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ | $ 32,919 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Washington State Employment Security | $32,919 | $32,919 | 100% |
| **TOTALS** | $ 32919 | $ 32919 | |

☒ Restitution amount ordered pursuant to plea agreement $ 32,919

☒ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☒ the interest requirement is waived for the ☐ fine ☒ restitution.

  ☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

☒ The court finds that the defendant is financially unable and is unlikely to become able to pay a fine and, accordingly, the imposition of a fine is waived

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   (Rev. 06/05) Judgment in a Criminal Case
         Sheet 6 - Schedule of Payments

Judgment — Page __5__ of __5__

DEFENDANT:     Thomas L. Brantley, Jr.
CASE NUMBER:   CR05-5429RBL

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

☒ PAYMENT IS DUE IMMEDIATELY. Any unpaid amount shall be paid to Clerk's Office, United States District Court, 700 Stewart Street, Seattle, WA 98101.

  ☒ During the period of imprisonment, no less than 25% of their inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program.

  ☒ During the period of supervised release, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after release from imprisonment.

  ☐ During the period of probation, in monthly installments amounting to not less than 10% of the defendant's gross monthly household income, to commence 30 days after the date of this judgment.

  The payment schedule above is the minimum amount that the defendant is expected to pay towards the monetary penalties imposed by the Court. The defendant shall pay more than the amount established whenever possible. The defendant must notify the Court, the United States Probation Office, and the United States Attorney's Office of any material change in the defendant's financial circumstances that might affect the ability to pay restitution.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are made to the United States District Court, Western District of Washington. For restitution payments, the Clerk of the Court is to forward money received to the party(ies) designated to receive restitution specified on the Criminal Monetaries (Sheet 5) page.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# U.S. District Court
## United States District Court for the Western District of Washington (Tacoma)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-05429-RBL All Defendants
### Internal Use Only

| | |
|---|---|
| Case title: USA v. Brantley | Date Filed: 05/27/2005 |
| Magistrate judge case number: 3:05-mj-05029-MJB | Date Terminated: 06/23/2006 |

Assigned to: Hon. Ronald B. Leighton

**Defendant**

**Thomas Brantley, Jr** (1)
*TERMINATED: 06/23/2006*

represented by **Jerome Kuh**
FEDERAL PUBLIC DEFENDER'S OFFICE (TAC)
1331 BROADWAY
STE 400
TACOMA, WA 98402
253-593-6710
Fax: FAX 1-253-593-6714
Email: jerome_kuh@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**

Mail Fraud 18:1341
(1)

**Disposition**

4 Yrs Probation; No Fine; $100 SPA; Restitution $32,919.00; Judgment Filed; Appeal Rights Advised

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

CERTIFIED TRUE COPY
ATTEST: BRUCE RIFKIN
Clerk, U.S. District Court
Western District of Washington
By _Carolyn M Cooper_
Deputy Clerk

| Complaints | Disposition |
|---|---|
| None | |

**Plaintiff**

USA        represented by    **David Reese Jennings**
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220
SEATTLE, WA 98101-1271
253-428-3800
Fax: 253-428-3826
Email: David.R.Jennings@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Susan M Harrison**
US ATTORNEY'S OFFICE (SEA)
700 STEWART ST
STE 5220
SEATTLE, WA 98101-1271
206-553-7970
Email: Sue.Harrison@usdoj.gov
*TERMINATED: 11/15/2005*
*LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 02/17/2005 | 2 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER appointing Jerome Kuh for Thomas Brantley, Jr by Judge Monica J. Benton. (TW, ) [3:05-mj-05029-MJB] (Entered: 02/28/2005) |
| 05/27/2005 |  | Case unsealed as to Thomas Brantley, Jr (JK, ) [3:05-mj-05029-MJB] (Entered: 05/31/2005) |
| 05/27/2005 | 3 | FELONY INFORMATION as to Thomas Brantley, Jr (1) count(s) 1. (JK, ) (Entered: 05/31/2005) |
| 11/15/2005 | 4 | NOTICE OF HEARING as to Thomas Brantley, Jr Change of Plea Hearing set for 12/9/2005 at 01:30 PM in B Courtroom before Hon. Ronald B. Leighton. (cc: USPO, PTS, USMO) (JAB, ) (Entered: 11/15/2005) |
| 12/06/2005 | 5 | NOTICE OF RESCHEDULED HEARING as to Thomas Brantley, Jr (cc: USPO, PTS, USMO) Initial Appearance and Entry of Plea is reset for 2/16/2005 at 02:30 PM in B Courtroom before Hon. Ronald B. Leighton. s/Jean Boring as authorized by Judge Leighton.(JAB, ) (Entered: 12/06/2005) |

| 12/06/2005 | 6 | **CORRECTION ** NOTICE OF RESCHEDULED HEARING as to Thomas Brantley, Jr Initial Appearance and Entry of Plea are correctly set for 12/16/2005 at 02:30 PM in B Courtroom before Hon. Ronald B. Leighton. s/Jean Boring.(cc: USPO, PTS, USMO)(JAB, ) (Entered: 12/06/2005) |
|---|---|---|
| 12/16/2005 | 7 | WAIVER OF INDICTMENT as to Thomas Brantley, Jr (RM, ) (Entered: 12/19/2005) |
| 12/16/2005 | 8 | Minute Entry for proceedings held before Judge Ronald B. Leighton - CRD: *J Boring*; AUSA: *D Jennings*; Def Cnsl: *J Kuh*; USPO: *J Thomason*; PTS: *J Bennett*; Court Reporter: *J Ryen*; **INITIAL APPEARANCE AND PLEA** as to Thomas Brantley, Jr held on 12/16/2005. Defendant present. Defendant placed under oath and advised of rights/charges/penalties. Court reviews the plea agreement. Defendant waives Indictment. Thomas Brantley Pleads GUILTY Count 1. Court finds the Defendant is competent to enter a guilty plea. Court orders the preparation of a Presentence Report. Defendant placed on bond. Sentencing set for 3/10/2006 at 10:30 AM in B Courtroom before Hon. Ronald B. Leighton. (RM, ) (Entered: 12/19/2005) |
| 12/16/2005 | 9 | PLEA AGREEMENT as to Thomas Brantley, Jr (cc: USPO, FLU) (RM, ) (Entered: 12/19/2005) |
| 12/16/2005 | 10 | ORDER Regarding Sentencing Procedure as to Thomas Brantley, Jr by Judge Ronald B. Leighton. (RM, ) (Entered: 12/19/2005) |
| 12/16/2005 | 11 | Appearance Bond Entered as to Thomas Brantley Jr (1). (cc: PTS/USPO/USMO) (RM, ) (Entered: 12/19/2005) |
| 02/10/2006 | 12 | NOTICE OF RESCHEDULED HEARING as to Thomas Brantley, Jr: Pursuant to the request and agreement of counsel, the Sentencing is RESET for 5/12/2006 at 10:30 AM in B Courtroom before Hon. Ronald B. Leighton. s/JJean Boring as authorized by Judge Leighton. (cc: USPO, PTS, USMO)(JAB, ) (Entered: 02/10/2006) |
| 04/20/2006 | 13 | NOTICE OF RESCHEDULED HEARING as to Thomas Brantley, Jr: Pursuant to the request and agreement of counsel and the probation office, the Sentencing is RESET for 6/23/2006 at 01:30 PM in B Courtroom before Hon. Ronald B. Leighton. s/Jean Boring as authorized by Judge Leighton. (cc: USPO, PTS, USMO)(JAB, ) (Entered: 04/20/2006) |
| 06/19/2006 | 14 | **SEALED DOCUMENT** --*NOTICE OF SUBMISSION OF LETTERS TO THE COURT IN RE: SENTENCING HEARING* by Thomas Brantley, Jr (Attachments: # 1 --(Letters of Support))(Kuh, Jerome) (Entered: 06/19/2006) |
| 06/19/2006 | 15 | SENTENCING MEMORANDUM by USA as to Thomas Brantley, Jr (Jennings, David) (Entered: 06/19/2006) |
| 06/19/2006 | 16 | AMENDMENT to 15 Sentencing Memorandum *Correction to Line 28 - Corrected to two years instead of five years* by USA as to Thomas Brantley, Jr (Jennings, David) (Entered: 06/19/2006) |

| 06/20/2006 | 17 | **SEALED DOCUMENT** *Defendant's Sentencing Memorandum* by Thomas Brantley, Jr (Kuh, Jerome) (Entered: 06/20/2006) |
| --- | --- | --- |
| 06/23/2006 | 18 | Minute Entry for proceedings held before Judge Ronald B. Leighton - CRD: *Jean Boring*; AUSA: *Arlen Storm*; Def Cnsl: *Jerome Kuh*; USPO: *Jeff Thomason*; Court Reporter: *Julaine Ryen*; **SENTENCING for Thomas Brantley, Jr (1)** held on 6/23/2006, Count 1 = 4 Yrs Probation; No Fine; $100 SPA; Restitution $32,919.00; Judgment Filed; Appeal Rights Advised. (JAB, ) (Entered: 06/28/2006) |
| 06/23/2006 | 19 | JUDGMENT as to Thomas Brantley, Jr by Judge Ronald B. Leighton. (cc: USPO, PTS, USMO, FLU, Fin.) (JAB, ) (Entered: 06/28/2006) |
| 08/01/2007 | 20 | ORDER GRANTING TRANSFER OF PROBATION JURISDICTION to District of Middle District of Alabama as to Thomas Brantley, Jr by Judge Ronald B. Leighton. (cc: USPO, Fin.) (CMG, ) (Entered: 08/06/2007) |